

**THE ATTORNEY GENERAL**

**OF TEXAS**

GROVER SELLERS

AUSTIN 11, TEXAS

~~WILL WILSON~~XXXXX

ATTORNEY GENERAL

Hon. Ray Lackey
County Auditor
Yoakum County
Plains, Texas

Dear Sir:

Opinion No. 0-7215
Re: (1) Removal of County Seat.
(2) Authority of County Auditor to serve as trustee of Rural High School District

Your request of recent date for an opinion from this department on the above subject matter is as follows:

"I would like an opinion from you on the following:

"May the County Seat of a County be moved by a two thirds vote from the present position when it is located within a five mile radius of the center of the county and  has been located here for a period of 35 years.

"May the County Auditor serve as trustee of a Rural High School District which is operating as an Independent District ei having their own tax collector and assessor and containing more than one hundred square miles of territory and electing their trustees at large over the district."

The answer to your first question is found in the provisions of Articles 1595, 1596, 1599 and 1600, V.A.C.S.

Article 1595, supra, reads, in part, as follows:

"No county seat situated within five miles of the geographical center of any county shall be removed except by a note of two-thirds of all the electors in said county voting on the subject."

Article 1596, supra, is as follows:

"When it becomes desirable to remove the county seat of any county, the county judge of said county, upon the written application of not less than one hundred freeholders and qualified voters, who are resident citizens of

said county shall make a written order upon the minutes of said commissioners court for the holding of an election at various voting precincts in said county on a day therein named, which shall not be less than thirty nor more than sixty days from date of order, for the purpose of submitting the question to the electors of said county. <u>When a county seat has been established for more than ten years, it shall require two hundred freeholders and qualified voters to make said application.</u> In counties having less than three hundred and fifty legal voters, to be determined by the number of votes cast at the last preceding general election such application may be made by one hundred resident freeholders and qualified voters of said county. When a county seat has been established for more than forty years, if shall require a majority of the resident freeholders and qualified voters of said county to make the application, said majority to be ascertained by the county judge from the assessment rolls thereof. In counties having not more than 150 qualified voters, such application shall be held sufficient when it shall have been signed by a majority of the resident freeholders and qualified voters of said county, said majority to be ascertained by the county judge, from the assessment rolls thereof. In the event of the failure, refusal or inability of the county judge to perform any duty imposed upon him by this article such duty may be performed by any two county commissioners of the county."
(Underscoring ours)

Article 1599, supra, provides:

"The county judge or commissioners shall order said election in each voting precinct in said county, which shall be conducted as near as may be, as elections for county officers. The officers holding the elections shall make return thereof to the authority ordering said election within ten days after the same was held, who shall then proceed to open said returns and count the same, and declare the result, which shall be entered upon the records of said commissioners court, and shall also state the name of the place from which, and the name of the place to which, the same is removed. A certified copy of such entry shall thereupon be recorded in the proper deeds of such county."

Article 1600, supra, reads as follows:

<u>"When such entry has been made, the county seat, if the election be held to move the county seat from a point</u>

within five miles of the geographical center, to a point more or less than five miles from the geographical center, or from a point more than five miles from the geographical center, to any other point more than five miles from such center, shall be removed to the place receiving the votes of two-thirds of all the electors voting on the subject; and such place shall thereafter be the county seat of such county.  If the election be held to move the county seat from a point more than five miles from the geographical center to a point within five miles of such center, then the county seat shall be moved to the place receiving a majority of all the electors in the county voting at such election, and such place shall thereafter be the county seat of such county." (Underscoring ours)

In view of the above quoted provisions it is the opinion of this department that the county seat may be moved from a point within five miles of the geographic center of the county to a point more or less than five miles from the geographic center of the county by a two-thirds vote of all the electors voting on the subject provided the provisions of the foregoing Articles have been complied with.  We are sending for your consideration a copy of our Opinion No. 0-1681 dealing with a similar situation.

In answer to our request for additional information concerning your second question, we received the following from Hon. G. P. Beane, County Judge and Ex-Officio County School Superintendent:

"In answer to your inquiry of April 25th relative to Plains Rural High School District, I wish to state that this School District is a rural High School District formed by grouping a number of rural common school districts.

"The status of this district is hard to determine since it pertakes of both the nature of an Independent School District and a Common School District.  In some respects it is governed as an Independent School District and in others, it is governed by the laws relating to Common School Districts."

We, therefore, assume that the Plains Rural High School was established under the provisions of Article 2922a. Article 2922b states that all rural high school districts as provided for by Article 2922a shall be classed as common school districts.

Hon. Ray Lackey, page 4          0-7215


          Therefore, your second question is answered in the negative by our Opinion No. 0-7191, a copy of which we are herewith enclosing.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS


                         By s/J. C. Davis, Jr.
                            J. C. Davis, Jr.
                            Assistant

                         By s/John Reeves
                            John Reeves

JR:djm:wc


APPROVED MAY 8, 1946
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman